UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nicholas Iraci, derivatively on behalf of Cleanspark, Inc.,<br><br>　　　　Plaintiff<br><br>v.<br><br>Zachary K. Bradford, et al.,<br><br>　　　　Defendants | Case No.: 2:23-cv-0315-JAD-NJK<br><br>**Order Granting Motion to Remand Case to State Court and Denying Remaining Motions as Moot**<br><br>[ECF Nos. 15, 16, 35, 38] |

　　　　This is one of several shareholder-derivative actions in this district brought on behalf of bitcoin-mining company CleanSpark, Inc. against its officers and directors for alleged breaches of their fiduciary duties. Though shareholder plaintiff Nicholas Iraci filed this suit in Nevada state court against forum and non-forum defendants, one of the individual defendants removed it to federal court before anyone had been served with process and despite the presence of a forum defendant whose existence should have precluded removal. The propriety of this practice—termed "snap removal"—is an issue that has divided the courts. The plaintiff challenges this practice in his motion for remand. Because I find that the removal here was improper, I grant his motion and remand this case back to state court.

**Analysis**

**I.　Snap removal was improper under 28 U.S.C. § 1441(b)(2).**

　　　　28 U.S.C. § 1441(a) authorizes defendants to remove to federal court "any civil action brought in a [s]tate court of which the [U.S. District Courts] have original jurisdiction." But "[f]ederal courts are courts of limited jurisdiction."[1] So defendants seeking removal jurisdiction

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"always have the burden of establishing that removal is proper."[2] This is a heavy burden to carry because there is a "strong presumption against removal jurisdiction[,]" the removal statute is "strictly construe[d] against removal jurisdiction[,]" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[3]

A limitation on diversity-based removal jurisdiction is the forum-defendant rule. Codified at 28 U.S.C. § 1441(b)(2), the forum-defendant rule provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[4] In this case, Defendant CleanSpark is such a forum defendant,[5] but Defendant S. Matthew Schultz removed this case on diversity-jurisdiction grounds before any defendant—including himself—had been served with process.[6] The plaintiff moves for remand, arguing that this snap-removal practice violates the forum-defendant rule.

The defendants respond that snap removal is a permissible practice and a valid means to avoid the forum-defendant rule. They point out that one of the judges in this district and numerous other circuit courts have held that the plain language of § 1441(b)(2) is unambiguous and permits snap removal.[7] For his part, the plaintiff contends that the interpretation that the defendants and their authorities offer cuts against the statute's language and purpose of

---

[2] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[3] *Id.*

[4] *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (noting that the rule is a "procedural, or non-jurisdictional," one).

[5] ECF No. 16.

[6] ECF No. 1 at 3, ¶ 8 (removal petition).

[7] ECF No. 30 at 8–11 (citing, *e.g.*, *Texas Brine Co., LLC v. Am. Arb. Ass'n*, 955 F.3d 482 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147 (3d Cir. 2018)).

2

preserving the plaintiff's choice of a state forum when at least one defendant is a citizen of that state.[8]  He adds that each of the authorities that the defendants cite is materially distinguishable and that nearly all judges in this district have overwhelmingly rebuffed similar snap-removal tactics.[9]

When interpreting federal statutes, "the starting point in discerning congressional intent is the existing statutory text."[10]  "It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms."[11]  Courts are required to "presume that the legislature says in a statute what it means and means in a statute what it says there."[12]

The appellate courts that have determined that § 1441(b)(2)'s "plain language allows snap removal" before any defendant has been served did so by focusing on the "properly joined and served" phrase in the statute.[13]  But not all courts agree with that interpretation.  The "[d]istrict courts are split as to whether snap removals are appropriate," and "[t]here is ongoing debate on whether there is a trend in favor or against" the practice.[14]  Heavily cited in the

---

[8] ECF No. 33.

[9] *Id.*

[10] *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004).

[11] *Id.* (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)) (internal quotation marks omitted).

[12] *Bedroc Ltd. v. United States*, 541 U.S. 176, 183 (2004) (cleaned up).

[13] *Texas Brine Co.*, 955 F.3d at 486; *accord Gibbons*, 919 F.3d at 705 ("The statute plainly provides that an action may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been "*properly* joined and *served*."); *Encompass Ins. Co.*, 902 F.3d at 152 (finding that the plain language of § 1441(b)(2) unambiguously "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served").

[14] *Spreitzer Props., LLC v. Travelers Corp.*, 599 F. Supp.3d 774, 782 & n.3 (N.D. Iowa 2022) (collecting cases).

against-snap-removal camp is U.S. District Judge Woodlock's decision in *Gentile v. Biogen Idec, Inc.*, concluding that "the plain language of section 1441(b) requires at least one defendant to have been served before removal can be effected."[15] Judge Woodlock reached that conclusion by grammatically parsing the statute in its current and historical forms.[16] The statute now precludes removal "'if any of the parties in interest properly joined and served as defendants' is a forum defendant."[17] "'Any[]' . . . means 'one or more indiscriminately from all those of a kind[,]'"[18] and "[i]nherent in the definition is some number of the 'kind' from which the 'one or more' can be drawn."[19] "Thus the lack of a party properly joined and served . . . means that . . . [a] basic assumption embedded in the statute—that a party in interest had been served prior to removal—has not been met."[20] This interpretation bars snap removals.

The defendants insist that *Gentile* should be rejected in favor of the circuit rulings that approve of this tactic.[21] But after carefully considering the parties' authorities, I agree with the vast majority of the judges in this district that Judge Woodlock's interpretation in *Gentile* "is the

---

[15] *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316, 318–19 (D. Mass. 2013) (quoting 28 U.S.C. § 1441(b) (2002)).

[16] *Id.* at 316 n.2, 318.

[17] *Id*. at 318.

[18] *Id.* (quoting *Webster's Third New Int'l Dictionary* 1536 (3d. ed. 1986)).

[19] *Id.*

[20] *Id*.

[21] ECF No. 30 at 8–9.

most cogent."[22] Not only does it make grammatical sense, it is the interpretation most true to other canons of construction, the statute's purpose, and legislative intent.[23]

As Judge Woodlock reasoned, "[t]he removal power, and by extension the forum[-]defendant rule, is founded on the basic premise behind diversity jurisdiction itself"—"protect[ing] non-forum litigants from possible state[-]court bias in favor of forum-state litigants."[24] But forum defendants do not suffer this bias and therefore do not need protection from it. And the presence of a forum defendant presumably mitigates concerns of state-court bias toward the plaintiff. So the forum-defendant "rule provides some measure of protection for a plaintiff's choice of forum" in certain circumstances.[25] "[W]hen the overarching concerns about local bias against the defendant" are absent, the rule allows "a plaintiff to move for a remand of the case to the state court."[26]

Courts agree that § 1441(b)'s legislative history does not explain why "properly joined and served" was added to the statute.[27] "Supreme Court jurisprudence at the time of the 1948

---

[22] *Deutsche Bank Nat'l Tr. Co. v. Fidelity Nat'l Title Grp., Inc.*, 2020 WL 7360680, at *3 (D. Nev. Dec. 14, 2020); *accord Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1013 (D. Nev. 2021) (lauding *Gentile* as "[o]ne of the most clear and influential explanations of this view"); *Carrington Mortg. Servs., LLC v. Ticor Title Nevada, Inc.*, 2020 WL 3892786, at *3 (D. Nev. July 10, 2020); *see also* ECF No. 16 at 2 n.2 (collecting cases).

[23] *See Moran v. Screening Pros, LLC*, 943 F.3d 1175, 1183 (9th Cir. 2019) ("If the language is ambiguous, we look to canons of construction, legislative history, and the statute's overall purpose to illuminate Congress's intent." (internal quotation marks omitted)). To the extent that the Ninth Circuit's affirmance of this holding would create a circuit split, these are "compelling reason[s]" to do so. *See Kelton Arms Condo. Owners Ass'n*, 346 F.3d 1190, 1192 (9th Cir. 2003) (cited at ECF No. 16 at 10).

[24] *Gentile*, 934 F. Supp. 2d at 319 (diving into the removal statute's history and purpose "for completeness of [Judge Woodlock's] explanation"); *accord Lively*, 456 F.3d at 940.

[25] *Gentile*, 934 F. Supp. 2d at 319.

[26] *Id.*

[27] *See, e.g., id.* at 319–20; *Encompass Ins. Co.*, 902 F.3d at 153.

5

revision . . . suggests"[28] that this language was added to prevent the gamesmanship of a plaintiff "blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve."[29]  But with the advent of electronic dockets, sophisticated, monied, or hyper-vigilant defendants are monitoring court filings and removing before any defendant has been served, with the goal of eluding the forum-defendant rule. Congress would not have intended to prevent plaintiffs' removal-defeating games by creating a means for defendants to leapfrog over the forum-defendant rule.

      The removal statute's purpose is better fostered by precluding removal until at least one defendant has been served.  That way, "plaintiffs legitimately seeking to join a forum defendant face the modest burden of serving that defendant before any others."[30]  A plaintiff who "serves a non-forum defendant before serving a forum" one "has effectively chosen to waive an objection to removal by a nimble non-forum defendant who thereafter removes the case" before it can be served.[31]  And the non-forum defendant can still argue that the forum defendant was fraudulently joined.[32]  This interpretation is faithful to the removal statute's entire purpose and consistent with its plain language, so I adopt it.  Applying this interpretation, I conclude that removal of this action was premature because it occurred before any defendant had been served.  So I remand this case back to the state court.

---

[28] *Gentile*, 934 F. Supp. 2d at 319–20.
[29] *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003).
[30] *Gentile*, 934 F. Supp. 2d at 322.
[31] *Id.*
[32] *Id.* at 322–23.

**B.     The court declines to award fees for this improper removal.**

The plaintiff notes that 28 U.S.C. § 1447(c) gives a remanding judge wide discretion to award fees and costs to the party who sought and won remand, and he asks me to do so here.[33] He reasons that my prior orders on similar snap removals "should have made it clear how" I would rule on this motion, making the defendants' refusal to stipulate to remand unreasonable.[34] But, as the briefing on this motion illuminates, the propriety of snap removal is a question that has divided courts and has not yet been resolved by the Ninth Circuit.  Because the divergent approaches to this issue gave the defendants an objectively reasonable basis to take a shot at removal, and also at persuading me to change my views through motion practice, I decline the plaintiff's request for an award of fees and costs.[35]

**Conclusion**

IT IS THEREFORE ORDERED that the motion to remand **[ECF No. 16] is GRANTED**. The Clerk of Court is directed to **REMAND this action back to the Eighth Judicial District Court for Clark County, Nevada, Department 19, Case No. A-23-866172-C**, and CLOSE THIS CASE.

IT IS FURTHER ORDERED that all other motions **[ECF Nos. 15, 35, 38] are DENIED** as moot and without prejudice to their refiling in state court.

_____
U.S. District Judge Jennifer A. Dorsey
June 7, 2023

---

[33] ECF No. 16 at 15; *see also Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1487 (9th Cir. 1995) (quoting *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992)).

[34] *Id*.

[35] The plaintiff's failure to demonstrate the actual expenses that he incurred or what costs would be just in this situation give this court an additional, independent basis to deny this request. *See* L.R. 54-14 (describing the information that such a motion "must include" and explaining that the failure to include that information "may be deemed a consent to the denial of the motion").

7